# Exhibit 1

LMS Packing Slip

# Package ID: 2898694

| | |
|---|---|
| **Tracking Number:** | 780495761936 |
| **Package Recipient:** | Accounts Payable |
| **Recipient Company:** | Spilman Thomas & Battle, PLLC |
| **Recipient Address:** | 110 Oakwood Drive Ste 500 Winston-Salem NC 27103 USA |
| **Phone Number:** | 3367254710 |

## Package Contents:

| Transmittal Number | Case Number | Title of Action |
|---|---|---|
| 18028213 | 2018-CP-10-1680 | Patrick Flowers vs. Premier V.T. L., LLC |



# Notice of Service of Process

AST / ALL<br>
Transmittal Number: 18028213<br>
Date Processed: 04/12/2018

| | |
|---|---|
| Primary Contact: | Accounts Payable<br>Spilman Thomas & Battle, PLLC<br>110 Oakwood Drive<br>Ste 500<br>Winston-Salem, NC 27103 |

| | |
|---|---|
| Entity: | Preferred Service, LLC<br>Entity ID Number 2666497 |
| Entity Served: | Preferred Service, LLC |
| Title of Action: | Patrick Flowers vs. Premier V.T. L., LLC |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Labor / Employment |
| Court/Agency: | Charleston County Court of Common Pleas, South Carolina |
| Case/Reference No: | 2018-CP-10-1680 |
| Jurisdiction Served: | South Carolina |
| Date Served on CSC: | 04/11/2018 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Emily Hanewicz Tong<br>843-553-9800 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

# Wigger Law Firm, Inc.

## ATTORNEYS AT LAW

8086 Rivers Avenue, Suite A
North Charleston, SC 29406

JARREL L. WIGGER*
JOSHUA T. HOWLE

BRICE E. RICKER
EMILY H. TONG
STEPHEN J. RYAN

*Board Certified Civil Trial Specialist
By National Board of Trial Advocacy

(843) 553-9800
(843) 553-1648 Fax

Summerville
(843) 851-9900

West Ashley
(843) 203-1500

April 5, 2018

**Certified Mail – Return Receipt Requested**

Corporation Service Company, as Registered Agent for
Preferred Service, LLC
1703 Laurel Street
Columbia, SC 29201

     RE:   *Patrick Flowers v. Premier V.T.L., LLC and Preferred Service, LLC*
          *Case number: 2018-CP-10-1680*

Dear Sir/Madam:

    Enclosed please find the *Civil Action Cover Sheet, Summons, Complaint, Plaintiff's First Set of Interrogatories to Defendants, and Plaintiff's First Set of Requests for Production to Defendants* for service upon you as the Registered Agent for the defendant, Preferred Service, LLC in the above referenced matter.

    Should you have any questions, please don't hesitate to call. Thank you for your attention to this matter.

                                Sincerely,

                                Jennifer Gravelle,
                                Paralegal for Emily Hanewicz Tong

/jdg
Enclosures

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHARLESTON ) | |
| PATRICK FLOWERS, ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) ) | 2018-CP - 10- *1680* |
| vs. ) | |
| PREMIER V.T.L., LLC and PREFERRED ) SERVICE, LLC, ) | |
| Defendant(s) ) | |

| | |
|---|---|
| Submitted By: **Emily Hanewicz Tong** | SC Bar #: **102042** |
| Address: 8086 Rivers Avenue, Suite A | Telephone #: **843-553-9800** |
| N. Charleston, SC 29406 | Fax #: **843-553-1648** |
| | Other: |
| | E-mail: ehtong@wigerlawfirm.com |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION *(Check all that apply)*
*If Action is Judgment/Settlement do not complete*

- ☒ **JURY TRIAL** demanded in complaint.  ☐ **NON-JURY TRIAL** demanded in complaint.
- ☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
- ☐ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
- ☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION *(Check One Box Below)*

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20___ -NI- _____ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ Warranty (160) | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☐ Employment Discrim (170) | | ☐ Sander/Libel (380) | ☐ Other (499) |
| ☒ Employment (180) | | ☐ Other (399) | |
| ☐ Other (199) | | | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |

| Special/Complex /Other | | Judgments/Settlements (cont.) | Appeals (cont.) |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | ☐ Petition for Workers Compensation Settlement Approval (780) | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | ☐ Other (799) | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | | |

**Submitting Party Signature:** _____    Date: 4|3|18

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous

SCCA / 234 (06/2015)                                 Page 1 of 3

Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

# FOR MANDATED ADR COUNTIES ONLY

Aiken, Allendale, Anderson, Bamberg, Barnwell, Beaufort, Berkeley, Calhoun, Charleston, Cherokee, Clarendon, Colleton, Darlington, Dorchester, Florence, Georgetown, Greenville, Hampton, Horry, Jasper, Kershaw, Lee, Lexington, Marion, Oconee, Orangeburg, Pickens, Richland, Spartanburg, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1.  The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2.  The initial ADR conference must be held within 300 days after the filing of the action.

3.  Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4.  Cases are exempt from ADR only upon the following grounds:

    a.  Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b.  Requests for temporary relief;

    c.  Appeals

    d.  Post Conviction relief matters;

    e.  Contempt of Court proceedings;

    f.  Forfeiture proceedings brought by governmental entities;

    g.  Mortgage foreclosures; and

    h.  Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5.  In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6.  Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**      **You must comply with the Supreme Court Rules regarding ADR. Failure to do so may affect your case or may result in sanctions.**

STATE OF SOUTH CAROLINA           )     IN THE COURT OF COMMON PLEAS
                                  )     NINTH JUDICIAL CIRCUIT
COUNTY OF CHARLESTON              )     CASE NO.: 2018-CP-10-
                                  )
PATRICK FLOWERS,                  )
                   Plaintiff,     )
        v.                        )
                                  )     **SUMMONS**
                                  )
PREMIER V.T.L., LLC, and PREFERRED )
SERVICE, LLC,                     )
                   Defendants.    )

TO THE ABOVE NAMED DEFENDANTS:

        YOU ARE HEREBY SUMMONED and requested to answer the Complaint in this action
of which a copy is herewith served upon you, and to serve a copy of your Answer to said
Complaint upon the subscriber at her office, 8086 Rivers Avenue, Suite A, North Charleston,
South Carolina  29406, within thirty (30) days after service hereof, exclusive of the day of such
service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff will apply
to the Court for the relief demanded in the Complaint.

                          Respectfully submitted,

                          **WIGGER LAW FIRM, INC.**

                          Emily Hanewicz Tong, Esquire
                          South Carolina Bar No.:  102042
                          8086 Rivers Avenue, Suite A
                          North Charleston, SC 29406
                          (843) 553-9800 (telephone)
                          (843) 553-1648 (facsimile)
                          Attorney for Plaintiff

North Charleston, South Carolina
This 3 day of April , 2018

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
COUNTY OF CHARLESTON ) CASE NO.: 2018-CP-10-_____
)
Patrick Flowers, )
   Plaintiff, )
)
      v. )
) **COMPLAINT**
) **JURY TRIAL REQUESTED**
Premier V.T. L., LLC and Preferred Service, LLC, )
   Defendants. )

## TO THE ABOVE-REFERENCED DEFENDANTS:

The Plaintiff complaining of the Defendants alleges as follows:

ONE:      Plaintiff Patrick Flowers is a citizen and resident of Charleston, South Carolina.

TWO:      Defendant Premier V.T.L., LLC, upon information and belief, is a domestic corporation and is operating by virtue of laws of the State of South Carolina, and at all times herein operated as a business within the State of South Carolina and the County of Charleston.

THREE:      Defendant Preferred Service, LLC, upon information and belief, is a foreign corporation and is operating by virtue of laws of the State of North Carolina, and at all times herein operated as a business within the State of South Carolina and the County of Charleston.

FOUR:      That on or about April 11, 2016, the Plaintiff and the Defendants entered into an employment relationship whereby the Defendants employed the Plaintiff to begin work at that time for an indefinite term.

FIVE:      As part of his job, Plaintiff would have to drive from one location on Houston Northcutt Blvd. to a second location on Long Point Road.

SIX:      During his employment with Defendants, Plaintiff had a regular schedule of 49 hours per week.

SEVEN:      Plaintiff was never paid overtime wages for the hours he worked in excess of 40 hours per week.

EIGHT:      Despite repeated requests, the Plaintiff was not paid for his overtime pay. Plaintiff was told by his employer that they do not pay overtime.

NINE:      During his employment with Defendants, Plaintiff was never paid for his mileage between the two stores aforementioned.

TEN:      On or about September 3, 2016, Plaintiff missed work, and the Defendants deducted fees from Plaintiff's check for fines and fees.

ELEVEN:            In response to his complaints, the Plaintiff's employment ended on or about September 27, 2016 when he was terminated for complaining about not getting paid his earned wages.

TWELVE:            At all times relevant to this Complaint, Defendants had the sole authority to decide whether to pay someone or not.

## FOR A FIRST CAUSE OF ACTION
### Violation of South Carolina Payment of Wages Act

THIRTEEN:            The Plaintiff realleges and reiterates the preceding paragraphs as if fully set forth herein verbatim.

FOURTEEN:            The Defendants wrongfully withheld the Plaintiff's wages and the Defendants should be required to pay the Plaintiff for all wages owed to him, plus interest.

FIFTEEN:            The Plaintiff is entitled to an award of damages against the Defendants in an amount to be determined by the trier of fact, also because the damages relate to wages owed to him, the Plaintiff is entitled to treble damages pursuant to the South Carolina Payment of Wages Act, South Carolina Code of Laws Sec. 41-10-80, 1976, as amended, plus attorney fees and costs.

## FOR A SECOND CAUSE OF ACTION
### Violation Of Fair Labor Standards Act

SIXTEEN:            The Plaintiff repeats and reiterates the foregoing allegations as though repeated herein verbatim.

SEVENTEEN:            The Plaintiff was working for the Defendants and accrued earned wages and overtime pay. The Defendants have failed and continue to fail to pay the wages owed to the Plaintiff in violation of the Fair Labor Standards Act of 1938 (FLSA).

EIGHTEEN:            The Plaintiff is informed and believes that the Defendants were unjustly enriched in maintaining wages which rightfully belong to the Plaintiff pursuant to the FLSA.

NINETEEN:            As a direct and proximate result of the acts, omissions, and practices of the Defendants, the Plaintiff sustained a loss of income and wages.

TWENTY:            The Plaintiff was also terminated in retaliation for complaining about not getting paid his wages, in violation of the anti-retaliation provisions in the Fair Labor Standards Act.

TWENTY-ONE:            As a direct and proximate result of the acts and practices of the Defendants, the Plaintiff is informed and believes he is entitled to an award of damages,

liquidated damages, treble damages, prejudgment interest, costs, legal fees, and any other damages to which he may be entitled as determined by the trier of fact.

## FOR A THIRD CAUSE OF ACTION
### Conversion

TWENTY-TWO:    The Plaintiff realleges and incorporates by reference the allegations contained hereinabove as if fully set forth herein.

TWENTY-THREE:    The Defendants committed conversion against the Plaintiff in the following particulars to wit:

       (a)   In wrongfully withholding the Plaintiff's money from his possession;

       (b)   In withholding the Plaintiff's money with the intent to permanently deprive and defraud the Plaintiff of the use and benefit of the money; and

       (c)   In withholding the Plaintiff's property with the intent to permanently appropriate the property for the use of the Defendants or any other person other than the Plaintiff.

TWENTY-FOUR:    The Defendants also committed conversion against the Plaintiff by not surrendering the money upon his request for wages owed to him.

TWENTY-FIVE:    The Defendants converted said funds to their own use.

TWENTY-SIX:    The Defendants' actions were without right or justification and constituted the conversion of the Plaintiff's property.

TWENTY-SEVEN:    The Defendants acted maliciously and in bad faith in that they knowingly converted the Plaintiff's funds when in the exercise of reasonable care they should have known their actions were wrongful.

TWENTY-EIGHT:    That as a direct and proximate result the Plaintiff has suffered a loss of income and has been otherwise injured and damaged in such amount as a judge and jury may determine.

## FOR A FOURTH CAUSE OF ACTION
### Unjust Enrichment

TWENTY-NINE:    The Plaintiff realleges and reiterates the preceding paragraphs as if fully set forth herein verbatim.

THIRTY:    Based upon the agreement between the Plaintiff and the Defendants, the Plaintiff performed services for the Defendants in exchange for a sum of wages, plus benefits

pursuant to the agreement. The Defendants have failed and continues to fail to pay the monies owed to the Plaintiff as agreed.

THIRTY-ONE:     The Defendants were unjustly enriched in maintaining wages which rightfully belong to the Plaintiff.

THIRTY-TWO:     As a result of the Defendants' unjust enrichment, the Plaintiff is entitled to an award of damages against the Defendants in an amount to be determined by the trier of fact.

THIRTY-THREE:     That as a direct and proximate result of said conduct on the part of the Defendants, its agents and servants, the Plaintiff has been damaged as aforesaid, both actual and punitive, in such amount as a judge and jury may award.

WHEREFORE, Plaintiff prays for the following relief:

1.     Judgment in favor of the Plaintiff and against the Defendants for all causes of action in an amount which is fair, just and reasonable, and for compensatory damages;

2.     Prejudgment interest, costs and attorneys fees as may be allowed by law;

3.     Judgment in favor of the Plaintiff and against Defendants for past wages and overtime and any other work benefits she lost in an amount to be determined by the trier of fact, treble damages and front pay;

4.     Judgment against the Defendants for actual damages, punitive damages, legal fees, costs and any other relief this Honorable Court deems just and proper.

Respectfully submitted,

Emily Hanewicz-Tong
WIGGER LAW FIRM, INC.
8086 Rivers Avenue, Ste A
North Charleston, SC  29406
(843) 553-9800
*Attorney for Plaintiff*

Charleston, South Carolina
This 3 day of April , 2018.



**Wigger Law Firm, Inc.**

ATTORNEYS AT LAW

8086 Rivers Avenue, Suite A
North Charleston, SC 29406

$ 012.19⁰
0001158453    APR 09 2018
MAILED FROM ZIP CODE 29406

02 1P
UNITED STATES POSTAGE
PITNEY BOWES

FIRST-CLASS

CERTIFIED MAIL

7017 3380 0001 0708 0984

Certified Mail – Return Receipt Requested
Corporation Service Company, as Registered Agent
for
Preferred Service, LLC
1703 Laurel Street
Columbia, SC 29201

# Wigger Law Firm, Inc.

### ATTORNEYS AT LAW

8086 Rivers Avenue, Suite A
North Charleston, SC 29406

JARREL L. WIGGER*
JOSHUA T. HOWLE

BRICE E. RICKER
EMILY H. TONG
STEPHEN J. RYAN

*Board Certified Civil Trial Specialist
By National Board of Trial Advocacy

(843) 553-9800
(843) 553-1648 Fax

Summerville
(843) 851-9900

West Ashley
(843) 203-1500

April 3, 2018

**VIA REGULAR MAIL:**
Charleston County Court of Common Pleas
Clerk of Court
100 Broad, Street, Suite 106
Charleston, South Carolina 29401

     RE:   *Patrick Flowers v. Premier V.T.L, LLC and Preferred Service, LLC*
         *Case No.*: 2018-CP-10-

Dear Clerk:

    Enclosed please find the original and three copies of the Civil Coversheet, Summons, and Complaint regarding the above-referenced matter. Please file the original and return the clocked copies to me in the self-addressed stamped envelope provided for you. I have also enclosed a check in the amount of $150.00 for the filing fee.

    Should you have any questions or comments, please do not hesitate to contact me.

                    Sincerely,

                    Jennifer Gravelle
                    Paralegal to Emily Hanewicz Tong

/jdg
Enclosures