# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Patrick Flowers, | Civil Action No. 2:18-1279-RMG |
|     Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Premier V.T.L., LLC *and* Preferred Service, LLC, | |
|     Defendants. | |

This matter is before the Court on Defendant Preferred Service's motion to dismiss, or, in the alternative, for a more definite statement. For the reasons set forth below, the Court grants in part and denies in part the motion.

## I. Background

Plaintiff alleges he was employed by Defendant Premier V.T.L and Defendant Preferred Service in 2016. Plaintiff alleges Defendants never paid him for mileage or overtime and that they made improper deductions from his paychecks. He filed the present action in Charleston County Court of Common Pleas, asserting claims for violation of the South Carolina Payment of Wages Act, the Fair Labor Standards Act ("FLSA"), conversion, and unjust enrichment on April 4, 2018. Preferred removed on May 9, 2018. When filing the notice of removal, Preferred included Premier's *pro se* "Consent to Removal." That consent is ineffective because an LLC may not appear *pro se*, but the lack of consent does not appear to effect removal jurisdiction because it does not appear that Premier has been served. *See* 28 U.S.C. § 1446(b)(2)(A).

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the

-1-

legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Under Rule 12(e) of the Federal Rules of Civil Procedure,

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response . . . . If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e). Whether a motion for a more definite statement should be granted is "generally left to the district court's discretion." *Hodgson v. Va. Baptist Hosp.*, 482 F.2d 821, 824 (4th Cir. 1973).

### III. Discussion

Preferred makes three arguments in favor of dismissal. First, Preferred argues the complaint fails to allege a sufficient employment relationship between Plaintiff and Preferred because it alleges both Defendants employed Plaintiff without explaining the relationship between the two Defendants or their respective relationships with Plaintiff. While the Court does not expect Plaintiff to have detailed knowledge of Defendants' business arrangements before discovery, Plaintiff must have had some reason for naming two different companies as Defendants, and Defendants are entitled to know what that reason is. Plaintiff provides a reason in its opposition to the motion to dismiss: "Although Plaintiff's payment documents indicate Plaintiff was employed by Premier, agents of his employer company identified themselves to Plaintiff as Preferred employees." (Dkt. No. 5.) But factual allegations may not be made in an opposition to a motion to dismiss. *Frederico v. Home Depot*, 507 F.3d 188, 201–02 (3d Cir. 2007) ("It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss."). The Court therefore grants the alternative relief of a more definite statement regarding what allegations are made regarding which Defendant.

Preferred also argues the FLSA preempts conversion and unjust enrichment claims. The Fourth Circuit has held that common law claims cannot be used to enforce the FLSA. *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 194 (4th Cir. 2007). Plaintiff responds that his conversion and unjust enrichment claims seek only enforcement of rights not created by the FLSA, while his FLSA claim seeks recovery of overtime pay. *Cf. Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 55 (1st Cir. 2013) ("[I]nsofar as these common law claims sought to recover overtime pay, they were

preempted because they conflicted with the FLSA's comprehensive remedial scheme" and so the "state law claims are accordingly limited to the recovery of 'straight-time' pay, *i.e.*, unpaid wages for non-overtime hours at her regular hourly rate."). But that is not at all clear from the complaint. (*See, e.g.*, Dkt. No. 1-1 ¶¶ 29, 31.) The Court therefore orders a more definite statement regarding what exactly Plaintiff seeks to recover under each asserted cause of action.

Finally, Preferred argues failure to pay wages cannot support a claim for conversion under South Carolina law. That is correct. *Owens v. Zippy Mart of S.C., Inc.*, 234 S.E.2d 217, 218 (1977). Plaintiff concedes that "if Defendants were to initially owe and fail to pay funds but nothing more, the law in this state would not support a cause of action for conversion," but argues conversion applies here because Plaintiff was terminated in retaliation for seeking unpaid wages. (Dkt. No. 5 at 5–6.) That argument is unavailing. The termination did not change the fact that "[t]he relationship between the parties was one of creditor and debtor," which is insufficient to support a conversion claim. *Owens*, 234 S.E.2d at 219; *see also Anderson*, 508 F.3d at 190 (same result under North Carolina's similar law of conversion). The Court therefore dismisses Plaintiff's conversion claim.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** the motion to dismiss, or in the alternative for a more definitive statement (Dkt. No. 4.) Plaintiff is **ORDERED** to file a more definite statement as described herein. Plaintiff's conversion claim is **DISMISSED**. The motion is otherwise **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

June 15, 2018
Charleston, South Carolina